UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| ELIZABETH TRUJILLO, INDIVIDUALLY AND AS ADMINISTRATOR AD LITEM FOR THE ESTATE OF JOSHUA KERSEY<br><br>*Plaintiff,*<br>v.<br><br>OFFICER COLE RANSEEN, Individually and in his Official Capacity, OFFICER JOHN DOE 1, Individually and in his Official Capacity, OFFICER JOHN DOE 2, Individually and in his Official Capacity, Officer JOHN DOE 3, Individually and in his Official Capacity, OFFICER JOHN DOE 4, Individually and in his Official Capacity, OFFICER JOHN DOE 5, Individually in and in his Official Capacity and Metropolitan Government of Nashville and Davidson County<br><br>*Defendants.* | Case No. _____ |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Comes the Plaintiff, Elizabeth Trujillo, Individually and as Administrator Ad Litem for Joshua Kersey, by and through the undersigned counsel, and for her Complaint against Defendants, Officer Cole Ranseen, Individually and in his Official Capacity; Officer John Doe 1, Individually and in his Official Capacity; Officer John Doe 2, Individually and in his Official Capacity; Officer John Doe 3, Individually and in his Official Capacity;  Officer John Doe 4, Individually and in his Official Capacity; Officer John Doe 5, Individually and in his  Official Capacity; and Metropolitan Government of Nashville and Davidson County, hereby states and alleges as follows:

# I. PRELIMINARY STATEMENT

This is a civil rights action brought under 42 U.S.C. § 1983 for deprivation of the Plaintiff's constitutional rights of due process and equal protection, unlawful search, and seizure and the use of excessive force under the Fourth and Fourteenth Amendments to the U.S. States Constitution. The Defendants, Officer Cole Ranseen, Individually and in his Official Capacity; Officer John Doe 1, Individually and in his Official Capacity; Officer John Doe 2, Individually and in his Official Capacity; Officer John Doe 3, Individually and in his Official Capacity; Officer John Doe 4, Individually and in his Official Capacity; Officer John Doe 5, Individually and in his Official Capacity; and Metropolitan Government of Nashville and Davidson County, and brings a pendent state claims for assault and battery and wrongful death for the injuries and death of Joshua Kersey, deceased. The Plaintiff, Elizabeth Trujillo, Individually and as Administrator Ad Litem for the Estate of Joshua Kersey, deceased, seeks money damages pursuant to 42 U.S.C. §1983 and 1988 under the Fourth Amendment and Fourteenth Amendment to the United States Constitution and under the laws of the State of Tennessee.

# II. JURISDICTION AND VENUE

1. The Court has jurisdiction over the parties and the subject matter of this Complaint under 42 U.S.C. § 1983 and 28 U.S.C. § 1331, 1343(a)(3), 1343(a)(4), and 1367(a).

2. Venue in this district is proper pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions on which the claims are based occurred in Davidson County, Tennessee in the Middle District of Tennessee.

### III. PARTIES

3. Plaintiff, Elizabeth Trujillo, was a resident of Davidson County, Tennessee at all times pertinent to this cause of action (hereinafter "Plaintiff").

4. Plaintiff, Elizabeth Trujillo, was appointed as the Administrator Ad Litem for the Estate of Joshua Kersey, deceased, in Davidson County Circuit Court in Case No. 24P1950, as the Attorney Ad Litem for Joshua Kersey.

5. The Defendants, Officer Cole Ranseen, Individually and in his Official Capacity; Officer John Doe 1, Individually and in his Official Capacity; Officer John Doe 2, Individually and in his Official Capacity; Officer John Doe 3, Individually and in his Official Capacity; Officer John Doe 4, Individually and in his Official Capacity; and Officer John Doe 5, Individually and in his Official Capacity were employees of the Metropolitan Nashville Police Department, a department of the Metropolitan Government of Nashville and Davidson County at all times pertinent to this cause of action (hereinafter "Defendants").

6. That Defendant, Metropolitan Government of Nashville and Davidson County is the municipal government for Davidson County, Tennessee at all times pertinent to this cause of action.

### IV. FACTUAL ALLEGATIONS

7. On October 9, 2023, the Plaintiff' called the Metropolitan Nashville Police Department (MNPD) for assistance because her son, Joshua Kersey, was manic because of severe mental problems.

8. That the Plaintiff informed the Metropolitan Nashville Police Dispatcher that her son, Joshua Kersey, was not armed at the time of the 911 call and that he was experiencing an emotional crisis because of his severe mental problems.

9. That upon the arrival of the Defendants, Officer Cole Ranseen, Individually and in his Official Capacity; Officer John Doe 1, Individually and in his Official Capacity; Officer John Doe 2, Individually and in his Official Capacity; Officer John Doe 3, Individually and in his Official Capacity; Officer John Doe 4, Individually and in his Official Capacity; and Officer John Doe 5, individually and in his Official Capacity, the Plaintiff informed them that Joshua Kersey was not armed and that there were no weapons in the house.

10. That as the Defendants, Officer Cole Ranseen, Individually and in his Official Capacity; Officer John Doe 1, Individually and in his Official Capacity; Officer John Doe 2, Individually and in his Official Capacity; Officer John Doe 3, Individually and in his Official Capacity; Officer John Doe 4, Individually and in his Official Capacity; and Officer John Doe 5, individually and in his Official Capacity, went up the stairs at the home of the Plaintiff, they heard Joshua Kersey say that he would cut the throat of his roommate if they tried to enter into his bedroom.

11. Defendant, Officer Cole Ranseen, kicked in the door to Joshua Kersey's bedroom and as he entered, Joshua Kersey fell to the floor with his hands out to his sides.

12. That Plaintiff's decedent, Joshua Kersey, never made any moves toward the Defendant, Officer Cole Ranseen.

13. That Plaintiff's decedent, Joshua Kersey was in a position of compliance when Officer Cole Ranseen, kicked in the door to his bedroom.

14. That Defendants, Officer Cole Ranseen, Individually and in his Official Capacity; Officer John Doe 1, Individually and in his Official Capacity; Officer John Doe 2, Individually and in his Official Capacity; Officer John Doe 3, Individually and in his Official Capacity; Officer John Doe 4, Individually and in his Official Capacity; and Officer John Doe 5, individually and in his Official Capacity, never gave Joshua Kersey any commands not to move at the time of the entry into his bedroom.

15. That Plaintiff's decedent, Joshua Kersey never made any aggressive move or maneuvers that would have threatened the life or safety of the Defendants, Officer Cole Ranseen, Individually and in his Official Capacity; Officer John Doe 1, Individually and in his Official Capacity; Officer John Doe 2, Individually and in his Official Capacity; Officer John Doe 3, Individually and in his Official Capacity; Officer John Doe 4, Individually and in his Official Capacity; and Officer John Doe 5, individually and as in his Official Capacity.

16. That the Defendants Officer Cole Ranseen, Individually and in his Official Capacity; Officer John Doe 1, Individually and in his Official Capacity; Officer John Doe 2, Individually and in his Official Capacity; Officer John Doe 3, Individually and in his Official Capacity; Officer John Doe 4, Individually and in his Official Capacity; and Officer John Doe 5, individually and in his Official Capacity, when they entered the room, knew or should have known that the decedent's roommate was not in a position to be harmed.

5

17. That when the Defendants Officer Cole Ranseen, Individually and in his Official Capacity; Officer John Doe 1, Individually and in his Official Capacity; Officer John Doe 2, Individually and in his Official Capacity; Officer John Doe 3, Individually and in his Official Capacity; Officer John Doe 4, Individually and in his Official Capacity; and Officer John Doe 5, individually and in his Official Capacity, entered the bedroom of Joshua Kersey, there was no "tense, uncertain, and rapidly evolving situation" in which the officer had to make a "split-second judgment" about how much force to use.

18. That Defendant, Officer Cole Ranseen, had an unobstructed vision without obstruction when he entered the bedroom of the decedent Joshua Kersey, to see that Plaintiff's decedent was not holding his roommate hostage by using a knife.

19. That Defendant, Officer Cole Ranseen, immediately started shooting the Plaintiff's decedent, Joshua Kersey without provocation.

20. That Defendant, Officer Cole Ranseen, had no justifiable reason to start shooting the Plaintiff who was in a compliant position laying on the floor with his hand exposed with no object in his hands that could have been mistaken for a knife; therefore, posing no threat to the Defendants or anyone else at the scene.

21. That Plaintiff's decedent made no attempt to evade or resist arrest.

22. That Defendants Officer John Doe 1, Individually and in his Official Capacity; Officer John Doe 2, Individually and in his Official Capacity; Officer John Doe 3, Individually and in his Official Capacity; Officer John Doe 4, Individually and in his Official Capacity; and Officer John Doe 5, Individually and in his Official Capacity (hereinafter referred to as "Bystander Officers"), failed to intervene to protect the

Plaintiff's decedent from the abusive conduct of Defendant, Officer Cole Ranseen, individually and in his official capacity.

23. That the Defendants Officer John Doe 1, Individually and in his Official Capacity; Officer John Doe 2, Individually and in his Official Capacity; Officer John Doe 3, Individually and in his Official Capacity; Officer John Doe 4, Individually and in his Official Capacity; and Officer John Doe 5, Individually and in his Official Capacity, at all times pertinent to this cause of action were acting under the color of state law as police officers of the Metropolitan Nashville Police Department, a department of the Metropolitan Government of Nashville and Davidson County at all times pertinent to this cause of action.

**FIRST CAUSE OF ACTION**
**42 U.S.C. §1983 – Excessive Force in violation of the Fourth Amendment**

24. Plaintiff hereby incorporates by reference paragraphs 1 through 23 as though set forth word for word herein.

25. 42 U.S.C. §1983 provides that:

> Every person who under color of any statute, ordinance, regulation, custom or usage of any state or territory or the District of Columbia subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and law shall be liable to the party injured in an action at law, suit in equity, or other appropriate proceeding for redress.

26. That the Defendants Officer John Doe 1, Individually and in his Official Capacity; Officer John Doe 2, Individually and in his Official Capacity; Officer John Doe 3, Individually and in his Official Capacity; Officer John Doe 4, Individually and in his

Official Capacity; Officer John Doe 5, Individually and in his Official Capacity, jointly and severally, deprived the Plaintiff's decedent, Joshua Kersey, of clearly established rights secured to him under the United States Constitution, specifically the Fourth Amendment rights to be free from unreasonable seizure and to be free from the use of excessive force against one's person.

27. That Defendant, Officer Ranseen' s excessive force in kicking in the door and immediately starting shooting when the Plaintiff's decedent was laying supine on the floor was unreasonable because he posed no threat to Defendant or the Bystander Officers or any other person in the room.

28. That Defendant, Officer Ranseen knew or should have known that Plaintiff's decedent was suffering from a severe mental condition after being informed of such by the Plaintiff and being informed that the decedent required hospitalization to stabilize his mental condition.

29. That Defendant Bystanders Officers were present at the scene of the violation of Joshua Kersey's constitutional rights, and they witnessed the use of excessive force by Defendant Officer Ranseen, and they had a reasonable opportunity to intervene in order to prevent or mitigate injury to Mr. Kersey, they chose not to.

30. Defendant Bystander Officers failed to take any action to prevent harm to Joshua Kersey, and thereby proximately cause excessive force to be inflicted upon Mr. Kersey, which resulted in a constitutionally actionable injury. Defendant Bystander Officers are jointly and severally liable along and with Defendant Ranseen for Mr. Kersey's injuries and death.

31. Any reasonable police officers in the position of Defendant Officer Ranseen and Defendant, Bystander Officers would have known that the force being used against Mr. Kersey was unconstitutional.

32. Any reasonable police officer in the position of Defendant Bystander Officers would have known that they had a duty to take reasonable measures to prevent harm to Mr. Kersey.

33. That as a direct and proximate cause of the Defendants use of excessive force, the Plaintiff suffered conscious pain and suffering.

34. That as a direct and proximate cause of the Defendants use of excessive force, the Plaintiff's decedent suffered the loss of his life.

35. That as a direct and proximate cause of the Defendants use of excessive force, the Plaintiff suffered anxiety and grief, loss of services, protection, care, assistance, society, companionship, comfort, guidance, counsel and advice, and funeral expenses and burial expenses.

36. That Defendants' conduct was the moving force and the proximate and producing cause of the aforementioned injuries and wrongful death of Plaintiff's decedent, Joshua Kersey.

37. Due to the injuries and the wrongful death of the Plaintiff's decedent, Joshua Kersey, she is entitled to compensatory, economic, and noneconomic damages in an amount that exceeds the jurisdictional limit for diversity cases in Federal cases and in an amount to be proven at trial.

38. That Plaintiff is entitled to attorneys' fees and costs pursuant to 42 U.S.C. §1988, pre-judgment interest and costs as allowable by federal law.

38. In depriving Mr. Kersey of his rights under the United States Constitution, Defendant Officer Cole Ranseen and the Bystander Officers acted under color of law in their respective capacities as officers of the Metropolitan Nashville Police Department, and their actions and omissions were conducted within the scope of their respective official duties or employment. This deprivation under color of law is actionable and may be redressed by 42 U.S.C. §1983.

## **SECOND CAUSE OF ACTION**
## **42 U.S.C. §1983 – Failure to Train and Supervise**

39. Plaintiff hereby incorporates by reference paragraphs 1 through 38 as though set forth word for word herein.

40. The Metropolitan Nashville Police Department is a department within the Metropolitan Government of Nashville and Davidson County, a named Defendant in this case.

41. At all times relevant to this action, Defendant Metropolitan Government of Nashville and Davidson County had policymaking authority and otherwise controlled the training and supervisory practices of the Metropolitan Nashville Police Department.

42. Defendant Metropolitan Government of Nashville and Davidson County had a policy, practice, and custom of failing to train and supervise police officers with respect to a clear constitutional duty not to use unreasonable force in confronting mentally ill persons, such as Joshua Kersey.

43. Defendant Metropolitan Government of Nashville and Davidson County knew or should have known that Metropolitan Nashville Police Department officers would be in situations where they were confronted with a mentally ill person in a manic state and should have been provided the officers with the training necessary to handle a mentally ill person, such as Joshua Kersey without the use of excessive force.

44. Through the failure to adopt policies, practices, and customs of deescalating situations with mentally ill persons, such as Joshua Kersey, it failed to train and supervise its police officers including the Defendant officers herein to prevent the use of excessive force. Defendant Metropolitan Government of Nashville and Davidson County acted with deliberate indifference to the clearly established rights secured to Mr. Kersey under the United States Constitution, specifically the Fourth Amendment rights to be free from unreasonable seizures and the use of excessive force against one's person.

45. By engaging in acts of excessive force against Mr. Kersey that resulted in injuries to his person, Defendant Ranseen and the Bystander Officers were acting pursuant to, and within the scope of Defendant's policies, practices, and customs of failing to train and supervise Metropolitan Nashville Police Department officers.

46. Defendant Metropolitan Government of Nashville and Davidson County's policies, practices, and customs of failing to train and supervise the Defendant officers were the moving force and the proximate and producing cause of Mr. Kersey's injuries.

47. Due to the injuries suffered and wrongful death of Mr. Kersey, the Plaintiff is entitled to compensatory, economic, noneconomic damages in the amount that exceeds

the jurisdiction limit for Federal cases in diversity actions and in an amount to be proven at trial.

48. The Plaintiff is further entitled to attorney's fees and costs pursuant to 42 U.S.C. §1988, pre-judgment interest and costs as allowable by federal law.

49. In depriving Mr. Kersey of his rights under the United States Constitution, Defendant, Metropolitan Government of Nashville, and Davidson County acted under color of law in its capacity as a municipal entity organized under the laws of Tennessee, and its actions, and omissions were conducted within the scope of Defendant City's official duties. This deprivation under color of law is actionable and may be redressed by 42 U.S.C. §1983.

**THIRD CAUSE OF ACTION**
**42 U.S.C. §1983- Failure to Discipline**

50. Plaintiff hereby incorporates by reference paragraphs 1 through 49 as though set forth word for word herein.

51. At all times relevant to this action, Defendant Metropolitan Government of Nashville and Davidson County had policymaking authority with respect to the disciplinary practices of the Metropolitan Nashville Police Department.

52. Defendant Metropolitan Government of Nashville and Davidson County have a *de facto* custom of failing to discipline officers who use excessive force.

53. Defendant Metropolitan Government of Nashville and Davidson County failed to discipline the Defendant Officer Ranseen and the Bystander Officers consistent

with its *de facto* policy and or practice of failing to discipline its officers when excessive force is used to violate a suspect's constitutional rights.

54. Defendant Metropolitan Government of Nashville and Davidson County adopted official policies, practices and or customs for failure to discipline the Metropolitan Nashville Police officers when they use excessive force such as was used by Defendant Officer Ranseen and the Bystander Officers against Mr. Kersey. Defendant Metropolitan Government of Nashville and Davidson County accordingly acted with deliberate indifference to the clearly established rights secured to Mr. Kersey under the United States Constitution, specifically the Fourth Amendment rights to be free from unreasonable seizures and free from the use of excessive force against one's person.

55. By engaging in the acts of excessive force against Mr. Kersey that resulted in injuries to his person, Defendant Officer Ranseen and the Bystander Officers acted with impunity because of Defendant's policy, practice or custom in failing to discipline its officers for the use of excessive force.

56. Due to the Defendant's Metropolitan Government of Nashville and Davidson County failure to discipline its officers, the Plaintiff's decedent, Joshua Kersey suffered injuries and wrongful death.

57. Due to the injuries suffered by Joshua Kersey, the Plaintiff is entitled to compensatory, economic, and consequential damages, in amounts to be determined at trial.

58. That Plaintiff is entitled to attorney's fees and costs pursuant to 42 U.S.C. §1988, pre-judgment interest and costs as allowable by federal law.

59. In depriving Mr. Kersey of his rights under the United States Constitution, Defendant, Metropolitan Government of Nashville and Davidson County, acted under color of law in its capacity as a municipal entity organized under the laws of Tennessee, and its actions and omissions were conducted within the scope of Defendant's official duties. The deprivation under color of law is actionable and may be redressed by 42 U.S.C. §1983.

**FOURTH CAUSE OF ACTION**
**Tennessee State law Claims for Assault, Battery, and Negligence**

60. Plaintiff hereby incorporates by reference paragraphs 1 through 59 as though set forth word for word herein.

61. That Plaintiff asserts that the Defendants, Officer John Doe 1, Individually and in his Official Capacity; Officer John Doe 2, Individually and in his Official Capacity; Officer John Doe 3, Individually and in his Official Capacity; Officer John Doe 4, Individually and in his Official Capacity; and Officer John Doe 5, Individually and in his Official Capacity committed battery and assault on Joshua Kersey when he was lying on the floor in a supine position without showing any aggression toward them and without any provocation.

62. That the Plaintiff asserts that the Defendants, Officer Cole Ranseen, Individually and in his Official Capacity; Officer John Doe 1, Individually and in his Official Capacity; Officer John Doe 2, Individually and in his Official Capacity; Officer John Doe 3, Individually and in his Official Capacity; Officer John Doe 4, Individually and in his Official Capacity; and Officer John Doe 5, individually and in his Official

Capacity were negligent and careless in shooting Joshua Kersey when he presented no threat to them or harm to any other person.

63. Due to the injuries suffered and wrongful death of Mr. Kersey, the Plaintiff is entitled to compensatory, economic, noneconomic damages in the amount that exceeds the jurisdiction limit for Federal cases in diversity actions and in an amount to be proven at trial.

64. That the acts or omissions of the Defendant, as described herein, deprived Plaintiff of his rights under Tennessee state law and caused him the injuries and damages and wrongful death described in this Complaint.

65. Accordingly, as a matter of Tennessee Law, Defendant Metropolitan Government of Nashville and Davidson County is vicariously liable for all conduct of, or attributable to, Defendants Officer Cole Ranseen and the Bystander Officers.

## JURY DEMAND

66. Plaintiff requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Respectfully submitted,

**BRYAN SMITH & ASSOCIATES**

*/s/ W. Bryan Smith*
W. Bryan Smith (TNBPR No. 18230)
2670 Union Ave. Ext., Ste. 701
Memphis, TN 38112
(901) 450-4990 - telephone
(901) 450-4898 - facsimile
bryan@bluffcitylawyers.com

And

Regina Guy (TNBPR No. 14871)
LAW OFFICES OF REGINA GUY, PLLC
2670 Union Ave. Ext., Ste. 701
Memphis, TN 38103
(901) 322-8771 - telephone
(901) 312-5501 - facsimile
reginaguy.attorneyatlaw@gmail.com

And

Sheila Campbell (TNBPR No. 40026)
SHEILA F. CAMPBELL LAW FIRM
2510 Percy Machin Dr.
North Little Rock, AR 72114
(501) 374-0700 – telephone
(501) 372-5375 – facsimile
sheila.sfclaw@gmail.com

*Attorneys for Plaintiff*